UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LOVELACE,

    Plaintiff,

                                Case No. 07-10956
-vs-                              Judge Avern Cohn

STEPHENS & MICHAELS ASSOCIATES,
INC.,

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

This is a Fair Debt Collection Practices Act ("FDCPA") case. Plaintiff Jeffrey Lovelace claims that Defendant Stephens & Michaels Associates, Inc., a debt collection agency, violated numerous provisions of the FDCPA in attempting to collect on a delinquent credit card debt he owed to World's Foremost Bank. The validity of the underlying debt is not in dispute, and World's Foremost Bank is not a party to this suit. Before the Court is Defendant's motion for summary judgment. For the reasons that follow, the motion will be granted in part and denied in part.

1

## II. Facts

Plaintiff incurred a debt of $4,970.17 through a Visa credit card issued by World's Foremost Bank. Because of financial problems, Plaintiff defaulted on the debt. World's Foremost Bank arranged for Defendant to collect from Plaintiff. Defendant's records show that it began efforts in July 2006.

On July 13, Defendant's employee Lauren Saben ("Saben") called Plaintiff's listed home telephone number and spoke to Plaintiff's fiancée, Jean Raica ("Raica").[1] Raica said that she would speak to Plaintiff about voluntarily resolving the account and would call back. On July 24, Raica called and arranged to make a $127 payment on the debt the following day. Defendant received the payment and offered to settle the account for 75% of the principal; there is no evidence that Plaintiff ever responded to this offer. On September 8, Raica again called and arranged to make a $150 payment on September 12. However, the check issued on September 12 was returned because of insufficient funds.

On October 20, Saben placed a call to Plaintiff's listed place of employment, Lovelace Excavating, in an attempt to reach Plaintiff. Saben says that a man answered and identified himself as Plaintiff, and that she identified herself as a debt collector. Saben says that the man told her that "Mrs. Lovelace" handled the bills and that she would return the call. Jesse Lovelace, Plaintiff's father, says that he was the man on the other end of Saben's call to Lovelace Excavating. Jesse Lovelace denies that Saben identified herself as a debt collector, and he says that she divulged information

---

[1] In its brief, Defendant refers to Plaintiff's fiancée as his wife or "Mrs. Lovelace." Defendant is apparently mistaken in this regard.

related to Plaintiff's debt and stated that Plaintiff would be prosecuted and go to jail if he failed to pay. However, Jesse Lovelace does not deny Saben's contention that he identified himself as Plaintiff during the call.

On October 23, Raica called Defendant and complained about Saben's contact with Jesse Lovelace. Saben's supervisor, Roberta Tarmy ("Tarmy"), apologized for the error and explained that Jesse Lovelace had identified himself as Plaintiff. Tarmy says that she then arranged a payment plan with Raica. According to Tarmy, the plan called for Raica to send a $150 check to cover the previous check that was returned for insufficient funds. Raica was then to make three payments of $127 each in November 2006, December 2006, and January 2007. Finally, in February 2007, Raica and Plaintiff would make a payment of $3,730 that Defendant would accept as full satisfaction of the debt.

Raica made three payments of $127 each on November 20, 2006; December 20, 2006; and January 22, 2007. Defendant says that Raica gave her bank advance authorization to issue a check out of her account for the final $3,730 payment; Raica denies that she ever gave her bank such authorization. In any case, when Defendant attempted to draw the final $3,730 check on February 20, 2007, it was returned for insufficient funds. Tarmy says that neither Raica nor anyone else ever called Defendant to complain about the attempt to draw the $3,730 check; there is no evidence in the record to show that Plaintiff, Raica, or anyone else ever objected prior to the filing of this suit.

Plaintiff claims that Defendant added certain unauthorized fees to his debt. In support of this claim, Plaintiff proffers a page from Defendant's website that describes a

3

policy of adding fees to debts on which it collects. Defendant says that this policy applies only to commercial debts where the agreement between the parties authorizes the recovery of collection costs and not to personal debts like the one in this case. Defendant's records of Plaintiff's account do not indicate that any sort of additional fee was ever assessed against Plaintiff.

Plaintiff seeks damages under the FDCPA. Plaintiff also makes claims under the Michigan Collection Practices Act, MCL § 445.251 *et seq.*; these simply duplicate his claims under the FDCPA and need not be addressed separately.

### III. Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8

F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.  Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings.  Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law."  In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52).  The Court "must view the evidence in the light most favorable to the non-moving party."  Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).  Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact.  See Anderson, 477 U.S. at 255.  Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted.  Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

## IV.  Discussion

### A.  Defendant Did Not Violate 15 U.S.C. § 1692c(b) Because The Telephone Conversation with Plaintiff's Father Resulted from "Bona Fide Error"

Plaintiff claims that Defendant violated 15 U.S.C. § 1692c(b) when Saben called Lovelace Excavating and spoke to Jesse Lovelace, Plaintiff's father, about Plaintiff's debt.  Section 1692c(b) provides that, with certain exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of

5

the debt collector." For the purposes of this section only, "consumer" is defined to "include[] the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." Because Plaintiff is not a minor, his father is not among those persons with whom Defendant was permitted to communicate about Plaintiff's debt.

In response, Defendant says that Jesse Lovelace falsely identified himself as Plaintiff over the telephone and that it only discovered that Saben had not been speaking to Plaintiff when Raica called to complain several days later. Jesse Lovelace does not deny that he identified himself as Plaintiff to Saben, nor is there any other evidence in the record that tends to call this fact into question.

The FDCPA, including § 1692c(b), is a strict liability statute and therefore does not require a showing of intentional conduct on the part of a debt collector to give rise to liability. See, e.g., Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996). However, the FDCPA includes an affirmative defense whereby a debt collector may avoid liability if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. §1692k(c). "The debt collector must only show that the violation was unintentional, not that the communication itself was unintentional." Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 402 (6th Cir. 1998).

Though Defendant fails to cite § 1692k(c) in its papers, the Court is nonetheless convinced that the "bona fide error" defense should apply in this case. This result accords with the Federal Rules of Civil Procedure:

6

> When issues not raised by the pleadings are tried by
> express or implied consent of the parties, they shall be
> treated in all respects as if they had been raised in the
> pleadings. Such amendment of the pleadings as may be
> necessary to cause them to conform to the evidence and to
> raise these issues may be made upon motion of any party at
> any time, even after judgment; but failure so to amend does
> not affect the result of the trial of these issues.

FED. R. CIV. P. 15(b). Here, the thrust of the bona fide error defense was clear from the face of Defendant's brief, despite Defendant's failure to cite the statute. Moreover, Plaintiff directly addresses the potential application of § 1692k(c) in his brief in opposition to Defendant's motion and has had ample opportunity to file affidavits or deposition testimony to rebut the defense. See Smith v. Transworld Sys., Inc., 953 F. 1025, 1030 (6th Cir. 1992). Accordingly, the Court will address the merits of the defense.

Defendant did not intend to communicate with Jesse Lovelace. There is no dispute that Jesse Lovelace identified himself as Plaintiff and that Saben believed that she was speaking to Plaintiff. Under these facts, Defendant did not know, nor could it have reasonably known, that the man on the other end of the telephone was Jesse Lovelace rather than Plaintiff.

The record also demonstrates that Defendant followed procedures reasonably adapted to avoid this sort of mistake. Saben attempted to contact Plaintiff by placing a telephone call to his place of employment. She asked her interlocutor to identify himself in order to ensure that she was speaking to Plaintiff and not a third party, and Jesse Lovelace falsely identified himself as Plaintiff. After Raica informed Defendant that Saben had actually been speaking to Jesse Lovelace, Defendant apologized to both

7

Raica and Lovelace and did not call Lovelace Excavating again.  Defendant maintains records of every attempt to communicate with debtors and has its employees record details of the conversations contemporaneously; this procedure helps to avoid unauthorized communications.  Plaintiff does not allege that there were any attempts to contact Jesse Lovelace other than the single conversation in which he falsely identified himself as Plaintiff.

The record thus makes clear that Defendant's communication with Jesse Lovelace was unintentional and occurred despite procedures reasonably adapted to avoid impermissible communications.  The telephone call therefore qualifies as a "bona fide error."  See Lewis, 135 F.3d at 401-02 (debt collector established bona fide error defense where telephone contact after communications to debtor should have ceased resulted from a coding error by creditor that made it appear that account was new); Transworld, 953 F.2d at 1031 (debt collector established bona fide error defense where evidence demonstrated that sending of letter after communications with debtor should have ceased was inadvertent and attributable to a clerical error).  The Court will grant summary judgment for Defendant on this issue.

### B.  There Is a Genuine Issue of Material Fact As To Whether Defendant Violated 15 U.S.C. § 1692f by Drawing a Check on Plaintiff's Bank Account Without Authorization

In his complaint, Plaintiff alleges that Defendant drew a check from Plaintiff's bank account without authorization in violation of 15 U.S.C. § 1692f.  Defendant says that Raica agreed over the telephone to make a final payment of $3,730 and gave her bank advance authorization to issue a check to Defendant in that amount.  Raica denies that she ever agreed to make such a payment or authorized her bank to do so; she says

8

that she only agreed to discuss making such a payment with Defendant after she received a tax refund in early 2007. Section 1692f proscribes the use of "unfair or unconscionable means to collect or attempt to collect any debt." Subsection 1692f(1) lists as an example of such unfair conduct "[t]he collection of any amount...unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

There exists a genuine issue of material fact as to whether Defendant was authorized to draw the check on Raica's account. Tarmy says that Raica expressly authorized her to draw the check; Raica says this never occurred. The record discloses no evidence of a written agreement between Plaintiff and Defendant on this point. Because credibility determinations are for the jury and are not properly considered on summary judgment, <u>Anderson</u>, 477 U.S. at 255, the Court will deny Defendant's motion for summary judgment on this issue.

**C. Defendant Did Not Assess Any Additional Fees Against Plaintiff's Account**

Plaintiff alleges that Defendant assessed additional fees against him, over and above any principal and interest already owing on his account, to recoup collection costs. Though Plaintiff never specifies the particular section of the FDCPA that he believes prohibits this conduct, the Court finds that Plaintiff's claim fits most readily within § 1692f. In support of his claim, Plaintiff offers a page from Defendant's website that describes a policy of adding such fees.

Defendant is entitled to summary judgment because Plaintiff has failed to proffer any evidence that any additional fees were actually assessed against Plaintiff's account. To the contrary, the only record evidence affirmatively shows that fees were not assessed. Defendant's records regarding Plaintiff's account do not show any fees, and

9

Defendant's employee Leland Pavoll expressly denies that any fees were assessed against Plaintiff. In addition, Pavoll says that Defendant's policy of assessing fees to recoup collection costs applies only to commercial debts, not consumer debts like the one in this case. Because Plaintiff has failed to offer any evidence to show that fees were actually assessed against him, the Court will grant Defendant's motion for summary judgment on this issue.

### D. There Is a Genuine Issue of Material Fact as to Whether Defendant Threatened to Sue on the Debt Without Actually Intending to Do So In Violation of 15 U.S.C. § 1692e(5)

Plaintiff claims that Defendant threatened to sue him to recover the debt in violation of § 1692e(5). Section 1692e(5) prohibits a debt collector from making "threat[s] to take any action that cannot legally be taken or that is not intended to be taken." In support of this claim, Plaintiff proffers a letter from Defendant's employee Leland Pavoll, dated March 6, 2007. In the letter, Pavoll stated that if Plaintiff failed to make full payment on the debt or reach a payment agreement with Defendant within ten days, the "file will be forwarded to our local attorney for resolution."

The veiled language of Pavoll's letter thus does not explicitly threaten a lawsuit; it says only that the attorney will effect a "resolution." However, given the requirement that allegedly deceptive practices under the FDCPA be evaluated from the standpoint of the "least sophisticated consumer," Lewis, 135 F.3d at 400, a threat to sue may be fairly implied. See U.S. v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 136-38 (4th Cir. 1996) (holding that a letter stating "your account will be transferred to an attorney if it is unpaid after the deadline date" constituted a threat to sue). It is undisputed that to date Defendant has not filed suit to collect on the debt.

On this issue, the present case is substantially similar to Graziano v. Harrison, 763 F. Supp. 1269 (D.N.J. 1991), rev'd in part on other grounds 950 F.2d 107 (3d Cir. 1991). In Graziano, the debt collector sent a letter to the debtor stating that if the debt was not resolved within ten days, "the office will immediately institute suit against you without further notice." Id. at 1272. Although the debt was not paid for three months, the debt collector never followed through on its threat to sue. Id. at 1280. The district judge found that the debt collector never genuinely intended to sue and therefore granted summary judgment for the debtor on his § 1692e(5) claim.

Though the language in Pavoll's letter does not explicitly threaten a lawsuit as the letter in Graziano does, under the "least sophisticated consumer" this distinction is not significant. The least sophisticated consumer could easily take Pavoll's letter as a threat to sue. Moreover, more than six months have elapsed since Pavoll mailed the letter and Defendant has yet to file suit; in Graziano, the district court granted summary judgment for the *plaintiff* after only *three* months. The evidence put forward by Plaintiff in this case is at least enough to raise genuine issues of fact and thus to avoid summary judgment for Defendant. Defendant's motion will be denied on this issue.

### E. The Court Will Not Consider Plaintiff's Claim That Defendant Failed To Send the Notices Required by § 1692f(2) Because It Was Not Raised In The Complaint

In his brief in opposition to Defendant's motion for summary judgment, Plaintiff claims that Defendant violated § 1692f(2), which proscribes

> [t]he acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

11

Defendant has proffered no evidence tending to show that it sent the sort of notice required by § 1692f(2) before collecting the $3,730 payment from Plaintiff's account.

However, despite his assertions to the contrary, Plaintiff failed to raise a claim for violation of § 1692f(2) in his complaint. Plaintiff advanced the claim for the first time in his brief in opposition to Defendant's motion for summary judgment. Because Defendant did not file a reply brief, it has had no opportunity to address the claim or submit evidence that it sent the required notices.

The Federal Rules of Civil Procedure provide for liberal notice pleading and opportunities to amend a complaint at the outset of litigation. See FED. R. CIV. P. 8, 15. However, once a case has advanced past the close of discovery to the summary judgment stage, a district court may not permit the plaintiff to raise wholly new claims. To do so would subject the defendant to unfair surprise and deprive the defendant of a fair opportunity to conduct discovery. Tucker v. Union of Needletrades, 407 F.3d 784, 788 (6th Cir. 2005). At this point in the litigation, "[e]fficiency and judicial economy require that the liberal pleading standards under...Rule 8(a) are inapplicable." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004). Admittedly, the record in this case suggests that Plaintiff may have a colorable claim for violation of § 1692f(2). However, Plaintiff's failure to raise the claim at any time prior to his brief in opposition to Defendant's motion for summary judgment requires the Court to refrain from addressing the merits.

**F. There Is a Genuine Issue of Material Fact as to Whether Defendant Placed Telephone Calls to Plaintiff with Intent to Harass in Violation of § 1692d**

Plaintiff alleges that Defendant called him constantly and threatened him with jail time in telephone conversations. He claims that this conduct violates § 1692d, which prohibits conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." More specifically, Plaintiff cites § 1692d(5), which lists as an example of such prohibited conduct "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Other courts have held that a debt collector violates § 1692d(5) when its employee adopts an intimidating posture in telephone conversations and threatens garnishment, Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1516 (9th Cir. 1994), or when the debt collector immediately calls back after the debtor hangs up, Bingham v. Collection Bureau, Inc., 505 F. Supp. 864, 873 (D.N.D. 1981).

In this case, Jesse Lovelace says that Defendant told him that if Plaintiff failed to pay his debt, Plaintiff would be prosecuted and go to jail. Such conduct could rationally support a jury finding of harassment, and the statute prohibits harassment against not only the debtor but "any person at the called number." In addition, Defendant's records related to Plaintiff's account disclose other incidents that may run afoul of § 1692d. For example, the telephone records show that Saben attempted to contact Plaintiff on October 5, 2006. In her notes on the communication, Saben wrote "pick up/hang up – multiple times." Repeatedly calling a number after the debtor or another party hangs up may violate § 1692d. See Bingham, 5050 F. Supp. at 864. Since the record thus discloses evidence suggesting at least two potential violations of § 1692d, the Court will deny Defendant's motion for summary judgment on this issue

13

### G. Saben Did Not Violate § 1692e(11) by Failing to Identify Herself as a Debt Collector Because the Communication Was Not with The "Consumer"

Plaintiff alleges that when Defendant's employee Saben placed her call to Lovelace Excavating and spoke to Jesse Lovelace, she failed to identify herself as a debt collector. Plaintiff claims that this conduct violates § 1692(e)(11), which requires debt collectors to identify themselves as such during communications with "consumers." Plaintiff's claim fails because Saben spoke to Jesse Lovelace, who is not the debtor but the debtor's father. Section 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Jesse Lovelace was not obligated or allegedly obligated to pay his son's debt. Accordingly, Saben's conduct was not proscribed by § 1692(e)(11) and the court will grant Defendant's motion for summary judgment on this issue.

### V. Conclusion

There are genuine issues of material fact as to (1) whether Defendant drew a check on Plaintiff's account without authorization in violation of § 1692f, (2) whether Defendant threatened to sue on the debt without actually intending to do so in violation of § 1692e(5), and (3) whether Defendant placed telephone calls to Plaintiff with intent to harass in violation of § 1692d(5). Defendant's motion for summary judgment with respect to these issues is DENIED. On all other claims, including Defendant's allegedly impermissible communication with Jesse Lovelace, fees that Defendant allegedly assessed against Plaintiff's account, Defendant's alleged failure to send required notices in connection with the acceptance of a post-dated check, and Defendant's

alleged failure to identify itself as a debt collector, Plaintiff has failed to raise genuine issues of material fact and Defendant's motion for summary judgment is GRANTED.

SO ORDERED.

                                               s/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

Dated: November 9, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 9, 2007, by electronic and/or ordinary mail.

                                               s/Julie Owens
                                               Case Manager, (313) 234-5160